IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05258-PAB

ELMER RAMON MOLINA MEJIA,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Aurora Detention Center,
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, and
DAVID VENTURELLA, Director of U.S. Immigration and Customs Enforcement,

Respondents.

---

# ORDER

---

This matter comes before the Court on petitioner Elmer Ramon Molina Mejia's *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1].[1] Respondents have filed a response. Docket No. 7.

## I. BACKGROUND[2]

Petitioner is a native and citizen of Honduras who is currently an immigration detainee at the Aurora Detention Center in Aurora, Colorado. Docket No. 1 at 5.

---

[1] Because petitioner is proceeding *pro se*, the Court construes his filings liberally without serving as an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Petitioner asserts numerous factual allegations in the habeas petition. Docket No. 1. Respondents do not dispute the allegations. Docket No. 7. Respondents state that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* at 1. "Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief." *Id.* at 1-2 Thus, the Court accepts as true the facts alleged in the habeas petition.

Petitioner alleges that he entered the United States without inspection through Texas in about 2007. *Id.* At around 7:00 a.m. on September 5, 2026, petitioner alleges that two unknown individuals detained him and took him to the parking lot of a commercial building in Aurora. *Id.* There, they waited for ICE agents whom the individuals had called. *Id.* Petitioner asked the unknown individuals why he was being detained and received no answer. He was told only that he was "the wrong man," but that because he was "an undocumented person," they had to hold him for ICE. *Id.* He alleges that these individuals never identified themselves as ICE agents and never served him with a warrant or any other document about his detention. *Id.* at 5-6. ICE agents then took him to ICE's offices in Centennial, Colorado, where he remained all day. *Id.* at 6. At about 11:30 p.m., he was transferred to the Aurora detention facility and given a Notice to Appear, which is attached to the application as Exhibit A. *Id.*

Petitioner asserts four claims titled as follows: (1) "My warrantless detention violates *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209 (D. Colo. 2025)"; (2) "I was arrested (kidnapped) for people who were not ICE agents, but make ICE's job"; (3) "My Warrantless Arrest violates the Four Amendment"; and (4) "Violation of the Due Process under the Fifth Amendment and the Immigration and Nationality Act (INA), and the INA's implementing Regulations." *Id.* at 5. As relief, petitioner seeks immediate release. *Id.* at 9.

On October 27, 2026, respondents filed a response. Docket No. 7. Respondents state that, "if the Court does grant the Petition, the appropriate relief would

be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." *Id.* at 2 (emphasis in original) (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

In *Santillan Quiroz*, 180 F.4th at 1232 the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens undergoing removal proceedings who are detained in the interior of the United States. Petitioner is undergoing removal proceedings and was detained in the interior of the United States. Docket No. 1 at 5-6, 11-12. Respondents do not dispute that petitioner is detained pursuant to § 1226(a). *See* Docket No. 7. Thus, the Court finds that petitioner is detained pursuant to § 1226(a).

Section 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (providing that a noncitizen may be arrested and detained only "[o]n a warrant issued by the Attorney General"); *see also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."). The Department of Homeland Security regulations likewise permit immigration officers to "arrest[ ] and take[ ] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and a Notice to Appear. *See* 8 C.F.R. §§ 236.1(b)(1), 1236.1(b)(1); *see also Ramirez Ovando*, 810 F. Supp. at 1216 (observing that ICE officers "possess extremely broad authority" to arrest individuals

subject to removal proceedings after a warrant and NTA have issued). Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section
1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025). "If the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880, *5 (D. Colo. May 15, 2026) ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

Without a warrant, the government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216-17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)); *see also Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31

(D.D.C. 2025).

According to the allegations in petitioner's habeas application, the government did not comply with these requirements when it arrested and detained him. Petitioner alleges that he was arrested by ICE officers without a warrant on September 5, 2026. Respondents do not provide any opposition to petitioner's allegations. Docket No. 7. Respondents also do not provide any argument or set forth any evidence that petitioner's arrest without a warrant was proper under § 1357(a). They have therefore waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 ("A party forfeits an issue it does not support with legal authority or argument.") (quoting *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003)).

The Court finds that respondents did not comply with the requirements of 8 U.S.C. §§ 1226(a) and 1357(a) when detaining and arresting petitioner. The habeas application will be granted as to petitioner's claim that he was improperly arrested and detained without a warrant. Respondents concede that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." Docket No. 7 at 2. Therefore, the Court will order petitioner released because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M. v. Bondi*, 2026 WL 25627, *3 (D. Minn. Jan. 5, 2026)).

## III. CONCLUSION

Therefore, it is

**ORDERED** that the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge